Matter of Alex V. (Dennis V.) (2019 NY Slip Op 03349)





Matter of Alex V. (Dennis V.)


2019 NY Slip Op 03349


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-12223
2017-12225
 (Docket No. B-5675-16)

[*1]In the Matter of Alex. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Dennis V. (Anonymous), appellant, et al., respondent.

 Dennis V. (Anonymous), Newburgh, NY, appellant pro se.

Langdon C. Chapman, County Attorney, Goshen, NY (Kimberly C. Van Haaster of counsel), for petitioner-respondent.
Donna M. Genovese, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from (1) an order of fact-finding and disposition of the Family Court, Orange County (Carol S. Klein, J.), dated October 13, 2017, and (2) a corrected order of fact-finding and disposition of the same court dated November 13, 2017. The order and corrected order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding and disposition dated October 13, 2017, is dismissed, without costs or disbursements, as that order was superseded by the corrected order of fact-finding and disposition dated November 13, 2017; and it is further,
ORDERED that the corrected order of fact-finding and disposition dated November 13, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject child on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court, inter alia, found that the father permanently neglected the child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
We agree with the Family Court's finding that the father permanently neglected the subject child. To establish that a parent has permanently neglected a child, an agency must establish by clear and convincing evidence that, for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's [*2]diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[3][g]; [4][d]; [7][a]; Matter of Star Leslie W. , 63 NY2d 136, 142).
Here, there was clear and convincing evidence that, despite the petitioner's diligent efforts to encourage and strengthen the parental relationship, the father, for a period of one year following the child's placement with the petitioner, failed to substantially and continuously maintain contact with the child, and failed to plan for the future of the child, although physically and financially able to do so (see Social Services Law § 384-b; Matter of Star Leslie W. , 63 NY2d at 142).
The father's remaining contention is without merit.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court